IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| COACHCOMM, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-0743-RAH |
| ) | |
| WESTCOM WIRELESS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This civil action has been filed by Plaintiff CoachComm, LLC (a limited liability company based in Alabama) against Defendant Westcom Wireless, Inc. (a company based in Pennsylvania), concerning the marketing, advertising, sales, and technology associated with their respective headset communication devices that each company sells to football coaching staffs throughout the country. CoachComm's Complaint alleges that Westcom has engaged in false advertising in violation of the Lanham Act, 15 U.S.C. § 1125 (Counts IV and VI); false marking under 35 U.S.C. § 292 (Count III), and bad faith patent assertion under Ala. Code § 8-12A-1 (Count V).  CoachComm further brings declaratory judgment claims for non-infringement and invalidity under the Patent Act, 35 U.S.C. § 1, et seq. (Counts I and II).

The parties currently are engaged in related litigation in the Western District of Pennsylvania, *Westcom Wireless, Inc. v. CoachComm, LLC*, Case Number 2:22-cv-0037-MRH.  That litigation is currently stayed, pending this Court's decision as to Westcom's pending *Motion to Dismiss or, In the Alternative, to Transfer Venue* (*see* Doc. 19). The

motion raises a host of reasons for dismissal and/or transfer of this case, including lack of subject matter jurisdiction, the statute of limitations, pleading deficiencies, pre-emption, lack of personal jurisdiction over Westcom, and venue. CoachComm has filed a response and Westcom a reply. As applicable to the personal jurisdiction issue, CoachComm has requested jurisdictional discovery.

In the Eleventh Circuit, a plaintiff "must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th 1982). Indeed, "Eleventh Circuit precedent indicates that jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction." *United Healthcare of Fla., Inc. v. Am. Renal Assocs. Holdings, Inc.*, 2016 WL 8794534, at *2 (S.D. Fla. Dec. 5, 2016) (gathering cases permitting jurisdictional discovery where the basis for the court's personal jurisdiction is legitimately in dispute).

The Court has reviewed the parties' submissions on the subject of personal jurisdiction. Because the Court cannot conclusively determine from the record whether it has *specific* personal jurisdiction over Westcom, the Court concludes that limited jurisdictional discovery is appropriate.

The Court also finds the parties' submissions on the subject are sometimes vague and confusing due to a melting pot of unsegregated facts relevant to certain issues but not to others. Therefore, the Court believes that new briefing directly on the issue of jurisdiction and venue is necessary, with emphasis placed on specific personal jurisdiction over each claim and the specific facts supporting it.

Accordingly, it is ORDERED as follows:

(1) To the extent CoachComm seeks limited jurisdictional discovery in its *Opposition to Defendant Westcom's Motion to Dismiss or, In the Alternative, to Transfer Venue* (*see* Doc. 22), which the Court construes as including a motion to conduct limited jurisdictional discovery, the motion is GRANTED. The parties are granted leave to conduct limited jurisdictional discovery up to and including **October 3, 2022** that is narrowly tailored to the basis for this Court's specific personal jurisdiction over Westcom.

(2) *Defendant Westcom's Motion to Dismiss or, In the Alternative, to Transfer Venue* (Doc. 19) is DENIED without prejudice. The Defendant may re-file such a motion at the conclusion of the limited discovery period under the following protocol: On or by **October 17, 2022**, Westcom may file a renewed Motion to Dismiss that addresses two issues only: (1) specific personal jurisdiction and (2) whether to transfer venue to the Western District of Pennsylvania. CoachComm shall file a response on or by **October 31, 2022**, and Westcom may file a reply on or by **November 9, 2022**. The parties' briefs, excluding any supporting or opposing evidentiary submissions, **shall not exceed 25 pages**. As it concerns any evidentiary submissions, the submissions shall be directed solely to issues of personal jurisdiction and transfer. If the Court decides to retain the case after considering the submissions, the Court will issue a subsequent order allowing Westcom to file a motion to dismiss that is tailored to its remaining arguments

for dismissal, such as the statute of limitations, pre-emption and pleading deficiencies.

DONE, on this the 12th day of August 2022.

                                            /s/ R. Austin Huffaker, Jr.
                                      R. AUSTIN HUFFAKER, JR.
                                      UNITED STATES DISTRICT JUDGE