IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| COACHCOMM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cv-00743-RAH-KFP |
| | ) | [WO] |
| WESTCOM WIRELESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

This is a false patent marking and false advertising case brought under the Patent Act and the Lanham Act.  Plaintiff CoachComm, LLC alleges that Westcom Wireless, Inc. harmed CoachComm by falsely advertising Westcom headset products as patented when they were not and by making false statements and inaccurate comparisons between CoachComm's and Westcom's competing headset products in its advertising.  Pending before the Court is Westcom's renewed motion to dismiss due to lack of subject matter jurisdiction, the statute of limitations, and failure to state a claim.  For good cause, Westcom's motion is due to be DENIED.

### II.    STANDARD OF REVIEW

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam).  "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the

1

motion.'" *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.3d 1525, 1529 (11th Cir. 1990)) (alterations in original). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *Id.*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on a motion to dismiss for failure to state a claim, a court is not required to accept a plaintiff's legal conclusions but must accept well-pleaded facts as true. *Iqbal*, 556 U.S. at 678–79.

A complaint may be dismissed if the facts as pleaded do not state a claim for relief that is plausible on its face. *See id.* at 679 (explaining that "only a complaint that states a plausible claim for relief survives a motion to dismiss"). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Factual allegations in a complaint need not be detailed, but they "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). Conclusory allegations that fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Id.* Indeed, "[a] pleading that offers 'labels and

2

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The plaintiff is responsible for alleging sufficient facts to support his claims. *Twombly*, 550 U.S. at 555.

## III.   BACKGROUND

Both CoachComm and Westcom make and sell headset communication devices used in the football industry. Although Westcom is located in Lower Burrell, Pennsylvania, and CoachComm is based in Auburn, Alabama, the two companies compete directly with one another. CoachComm holds the majority market share.

As relevant here, CoachComm claims that since at least March 2019 Westcom has repeatedly falsely advertised Westcom products as patented when they were not and as containing patented features when they did not, and that Westcom has made false statements about Westcom and CoachComm competing products in its advertisements. CoachComm also alleges that Westcom's false advertising practices harmed CoachComm.

A thorough recitation of the facts can be found in the Court's previous Memorandum Opinion and Order addressing the issue of personal jurisdiction over certain patent-related claims. *See CoachComm, LLC v. Westcom Wireless, Inc.*, No. 3:21-CV-743-RAH, 2023 WL 3218500 (M.D. Ala. May 2, 2023). That order, however, left unresolved the issues that the Court now addresses.

## IV.   DISCUSSION

In its motion, Westcom advances four arguments for dismissal. First, Westcom argues that CoachComm has not suffered an injury in fact, and that, therefore, the Court lacks subject matter jurisdiction. Second and relatedly, Westcom argues the Complaint fails to state a claim upon which relief can be granted because it lacks sufficient facts showing an injury in fact or harm. Third, Westcom

argues that CoachComm's claims are all time-barred under the applicable statutes of limitations or under the doctrine of laches. And lastly, Westcom argues the Complaint fails the particularity pleading requirements found in Fed. R. Civ. P. 9. None of these arguments are persuasive.

### A. Subject Matter Jurisdiction – Standing

Westcom first makes a standing argument. According to Westcom, CoachComm cannot, and has not, shown that it has suffered an injury in fact. Therefore Westcom argues, the Court lacks subject matter jurisdiction and CoachComm's Complaint must be dismissed under Fed. R. Civ. P 12(b)(1).

It is long settled that the plaintiff "must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014). Injury in fact requires "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations and internal quotations omitted). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice . . . ." *Id.* at 561. The Court begins by looking to the Patent Act and the Lanham Act to ascertain the type of harm that falls within the ambit of each statute.

Section 292(a) of the Patent Act proscribes "us[ing] in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public[.]" 35 U.S.C. § 292(a). In other words, "[t]he two elements of a § 292 false marking claim are (1) marking an unpatented article and (2) intent to deceive the public." *Forest Group., Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009). Subsection (b) of 28 U.S.C. § 292 goes further, "requir[ing] that an entity [have] suffer[ed] a

'competitive injury' to bring a private right of action to enforce the false marking statute." *Sukumar v. Nautilus, Inc.*, 785 F.3d 1396, 1399 (Fed. Cir. 2015). Here, a "competitive injury" means an "injury . . . inflicted on a firm's competitive activity, caused by the false marking." *Gravelle v. Kaba Ilco Corp.*, 684 F. App'x 974, 978 (Fed. Cir. 2017) (per curiam).

And under the Lanham Act, "[a]ny person who, or in connection with any goods or services, . . . uses in commerce any . . . false or misleading representation of fact, . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1).

> To state a claim under § 1125, "a plaintiff must allege an injury to a commercial interest in reputation or sales," and that injury must be "proximately caused by violations of the statute." *Lexmark Int'l Inc. v. Static Control Components*, [572 U.S. 118, 131–32] (2014). In other words, "a plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id.* at [133].

*Gravelle*, 684 F. App'x at 980 (cleaned up). Importantly, "under common-law principles, a plaintiff can be directly injured by a misrepresentation even where 'a third party, and not the plaintiff, . . . relied on' it." *Lexmark*, 572 U.S. at 133 (citation omitted). "When a defendant harms a plaintiff's reputation by casting aspersions on its business, the plaintiff's injury flows directly from the audience's belief in the disparaging statements." *Id.* at 138. And "a defendant who 'seeks to promote his own interests by telling a known falsehood to *or about* the plaintiff or his product' may be said to have proximately caused the plaintiff's harm." *Id.* (quoting *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 657 (2008)) (emphasis in original).

As previously noted, a 12(b)(1) attack on subject matter jurisdiction comes in two forms: facial and factual. Westcom's 12(b)(1) argument for dismissal is a

5

factual attack to CoachComm's assertion of injury.  Because the challenge is factual rather than facial, the allegations[1] made in the Complaint are not entitled to a presumption of truth.  *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237–38 (11th Cir. 2002).  Indeed, in a factual attack, "the district court. . . consider[s] the facts as it sees fit. In essence, the district court conducts a bench trial on the facts that give rise to its subject matter jurisdiction." *Id.* at 1238.  And, to reiterate, "matters outside the pleadings" may be considered.  *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence*, 919 F.3d at 1529)*.*  Were Westcom to have instead mounted a facial challenge to CoachComm's Complaint, the Court would have "consider[ed] the allegations in [CoachComm's] complaint as true. Th[i]s[] protection [is] similar to the procedural safeguards retained when the court grants a 12(b)(6) motion for failure to state a claim." *Eaton v. Dorechester Development, Inc.*, 692 F.2d 727, 731–32 (11th Cir. 1982).  In other words, by choosing to make a factual, rather than a facial, attack on the Court's subject matter jurisdiction, Westcom both evades the procedural protections CoachComm would receive under a facial challenge and allows the Court to look beyond CoachComm's pleadings.

At CoachComm's request, the Court previously afforded the parties the opportunity to take limited discovery on the issue of specific personal jurisdiction

---

[1] According to CoachComm,

> WestCom has sought to unfairly compete with CoachComm by falsely representing the features, capabilities, and origins of its own Pro-Com branded products and by falsely disparaging CoachComm and CoachComm's products, thereby harming the value of CoachComm's extensive innovations, intellectual property research and development, and the goodwill CoachComm has acquired over time and at great expense.

(Doc. 1 at 9 ¶ 49.)  CoachComm also alleges that "WestCom targets existing CoachComm customers and disseminates false and misleading advertising and marketing statements in an effort to encourage CoachComm customers and potential customers to switch from using or avoid adopting CoachComm products. . . ."  (Doc. 1 at 9 ¶ 50.)

over Westcom.  The parties appear to have taken full advantage of that opportunity.  And Westcom appears to have had other purposes in mind when it used that limited discovery period to ask questions about CoachComm's injuries and harm.  Now Westcom attempts to use that limited personal-jurisdiction-related discovery for a different purpose—to support its argument that CoachComm cannot show a concrete injury or harm under either the Patent Act or Lanham Act.  Indeed, according to Westcom, the personal jurisdiction discovery convincingly shows that CoachComm cannot demonstrate that it suffered an injury due to Westcom's alleged misconduct.  Were this a facial attack, the Court could not consider this evidence as it is external to the Complaint.  But because the attack is factual, Westcom argues that the Court can consider this evidence.

The Court will not entertain Westcom's invitation to examine standing based on a factual challenge using discovery obtained by Westcom for a different purpose, with no opportunity afforded CoachComm to conduct damages-related discovery itself, and when the factual record is not sufficiently developed.    This is because "[p]laintiff[s] must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction. As [the Eleventh Circuit] said in *Blanco*, 'the rules entitle a plaintiff to elicit material through discovery before a claim may be dismissed for lack of jurisdiction.'"  *Id.* at 731 (citing *Blanco v. Carigulf Lines*, 632 F.2d 656, 658 (5th Cir. 1980) (per curiam)[2]).  Indeed, "[i]nsofar as the defendant's motion to dismiss raises factual issues, the plaintiff should have an opportunity to develop and argue the facts in a manner that is adequate in the context of the disputed issues and evidence." *Williamson v. Tucker*, 645 F.2d 404, 414 (5th

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Cir. 1981).  *See also Smith v. Morgan*, No. 5:18-CV-01111-AKK, 2019 WL 1930764, at *6 (N.D. Ala. May 1, 2019) (finding that "because the court must make 'factual determinations decisive of [this] motion to dismiss for lack of jurisdiction,' the court 'must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss.'" (quoting *Williamson*, 645 F.3d at 413) (alteration in original)).  Westcom wants the Court to consider matters outside the pleadings because it thinks that those materials support its lack of harm argument, but it does not want CoachComm also to have the opportunity to use matters outside the pleadings to support its argument that the Court does have subject matter jurisdiction.  Dismissing CoachComm's Patent Act and Lanham Act claims at this stage on a factual challenge therefore would be premature[4] and unfair.  The Court will not allow Westcom to have its cake and eat it too.

It may be that CoachComm is ultimately unable to show it has suffered an injury or harm due to Westcom's alleged Patent Act and Lanham Act violations.  But at this stage in the litigation—before discovery by CoachComm as to harm has been allowed—Westcom's 12(b)(1) factual attack on standing is premature, and therefore Westcom's motion to dismiss on this basis is due to be denied.

### B. Failure to State a Claim Due to Insufficiency of Pleading Injury

In addition to raising a standing argument based on the deposition testimony obtained during the personal jurisdiction discovery period, Westcom also argues that the same testimony renders CoachComm's claims defective for 12(b)(6) purposes.  That is, the Complaint fails to state a claim upon which relief can be granted.  To this end, Westcom states that this portion of its Rule 12(b)(6) challenge "relies on the deposition testimony of [CoachComm's] four witnesses admitting that each has

---

[4] Of course, Westcom can renew its argument once the discovery period has begun.

no knowledge of any specific lost sales or other actual harm caused to [CoachComm]." (Doc. 76 at 28.)[5]

Westcom thus again uses extrinsic evidence, this time to advance a 12(b)(6) argument. But this it cannot do without converting Westcom's motion into a motion for summary judgment. *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005) ("The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint."). "If, on motion under Rule 12(b)(6)[,] matters outside the pleadings are presented[,] the motion must be treated as one for summary judgment. . . . All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Court elects not to convert the motion because, to reiterate, Westcom's argument is based on an issue that CoachComm has not been afforded an opportunity to factually develop[6] and is premised upon an issue that is more appropriate for consideration after a merits-related discovery period has been allowed. *See Jumbo v. Alabama State Univ.*, 229 F. Supp. 3d 1266, 1271 (M.D. Ala. 2017) (declining to convert a motion to dismiss into a motion for summary judgment because "[s]ummary judgment should not be entered absent adequate opportunity for discovery."); *Moss v. W & A Cleaners*, 111 F. Supp. 2d 1181, 1185 (M.D. Ala 2000) (declining to convert a motion to dismiss under 12(b)(6) to a motion for summary judgment because "it would be more appropriate to enter a scheduling order and allow the Parties to conduct discovery.").

---

[5] For the sake of clarity, documents will be referred to by their page or paragraph numbers based on their CM/ECF document page numbers.

[6] The Court also notes that the deposition testimony cited by Westcom came from four fact witnesses who were tendered on the issue of personal jurisdiction over Westcom. No testimony has been provided from a 30(b)(6) witness from CoachComm who spoke to the issue of CoachComm's damages.

Westcom argues that, though extrinsic, the deposition testimony should be considered as evidence under *Day* because the testimony is (1) central to CoachComm's claims and (2) undisputed.  And indeed, under *Day*, "court[s] may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed."  *Day*, 400 F.3d at 1276.  But it does not appear to the Court that the deposition testimony here satisfies either *Day* prong: on the one hand, what the depositions evince is absolutely in dispute, and on the other, the deposition testimony may have been central to establishing personal jurisdiction, but certainly not the merits of any of CoachComm's claims.

Westcom relies on, among other cases, *Korman v. Iglesias*, 778 F. App'x 680 (11th Cir. 2019) (per curiam), and *Baker v. City of Madison*, 67 F.4th 1268 (11th Cir. 2023), to support its argument that the witness depositions should be considered. Neither case is persuasive.  In *Korman*, the Eleventh Circuit, in the name of "defen[ding]. . . the integrity of the judicial process," affirmed the district court's decision to "t[a]k[e] judicial notice of the court orders and [plaintiff's] deposition and affidavit in. . . earlier litigation," to prevent the plaintiff from asserting a claim "clearly inconsistent with her [position in an earlier litigation], which was fully accepted by the [previous] district court."  778 F. App'x at 681–83.  And in *Baker*, the Eleventh Circuit affirmed the trial court's consideration of body camera footage at the motion to dismiss stage "where [the] video is clear and obviously contradicts the plaintiff's alleged facts[.]"  67 F.4th at 1277–78.  In both *Korman* and *Baker,* the extrinsic evidence, as required by *Day*, was central to the respective cases and not genuinely in dispute.  That is not the situation here.

Accordingly, the Court denies Westcom's motion to dismiss to the extent the motion argues that the deposition testimony taken to date demonstrates that CoachComm's Complaint fails to state a claim upon which relief can be granted due

to CoachComm's inability to show an injury or harm. Westcom may renew this argument at a later date once a proper record has been developed.

### C. Statute of Limitations and Laches

Westcom next argues that CoachComm's Complaint must be dismissed because the statute of limitations has expired on CoachComm's Patent Act and Lanham Act claims. The Court first considers the Patent Act's statute of limitations and then the Lanham Act's statute of limitations.

### 1. *The Patent Act's statute of limitations*

The parties agree that § 292(a) of the Patent Act does not itself contain a statute of limitations. (Doc. 76 at 31; Doc. 83 at 34–35.) The parties disagree however over which statute of limitations applies. Citing to analogous state statutes, Westcom argues that, because false patent marking under the Patent Act is most analogous to the Alabama Deceptive Trade Practices Act's (ADTPA) one-year statute of limitations, the ADTPA's one-year statute of limitations should apply to CoachComm's Patent Act claim. CoachComm counters that a one-year statute of limitations definitely does not apply, and that no less than a four-year statute of limitations does. The Court agrees with CoachComm.

> The Eleventh Circuit has written that
>
> [w]hen "there is no federal statute of limitations expressly applicable" to a lawsuit, courts typically "'borrow' the most suitable statute or other rule of timeliness from some other source." . . . . But because we can 'borrow' a statute of limitations only when there is no applicable federal limitations period, we must first determine whether such a period exists.
> . . .

*MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.*, 43 F.4th 1259, 1263 (11th Cir. 2022) (cleaned up). In other words, before looking for an analogous state statute, federal courts must first determine if a federal statute of limitations applies. And if none is found, only then may a court look elsewhere for an analogous state statute.

Accordingly, the threshold question here is whether there is a federal statute of limitations applicable to § 292(a) claims under the Patent Act.

Section 292(a) of the Patent Act historically has been subject to a five-year statute of limitations. *See, e.g.*, *Arcadia Mach. & Tool Inc. v. Sturm, Ruger & Co., Inc.*, 786 F.2d 1124, 1125 (Fed. Cir. 1986); *Juniper Networks v. Shipley*, No. C-09–0696 SBA, 2009 WL 1381873, *4 (N.D. Cal. May 14, 2009), *aff'd* 643 F.3d 1346, 1349 (Fed. Cir. 2011). But in 2011, the Patent Act was amended, and substantially so. While prior to the 2011 amendment the Act contained a *qui tam* provision allowing only for the recovery of civil fines by a relator, the 2011 amendment removed the *qui tam* provision and gave private litigants a damages remedy.[7] Because the recovery pre-amendment was a civil fine, the statute of limitations was borrowed from 28 U.S.C. § 2462, which provided a five-year statute of limitations to "an action, suit or proceeding for the enforcement of any civil fine[.]" 28 U.S.C. § 2462. *See also U.S., ex. rel. Hallstrom v. Aqua Flora, Inc.*, No. 2:10-CV-01459, 2010 WL 4054243, at *6 (E.D. Cal. 2010) (stating that "[f]alse marking claims under 35 U.S.C. § 292 are subject to a five-year statute of limitations, which is set forth in 28 U.S.C. § 2462."). Although Westcom makes an appealing argument that § 2462 can no longer provide the remedy since § 292 is no longer based on a civil fine, Westcom cites no case law supporting this assertion. CoachComm, in contrast, cites

---

[7] The pre-amendment version of the statute stated that those who violated the false marking provision "[s]hall be fined not more than $500 for every such offense," and that "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States." 35 U.S.C. § 292 (pre-2011 amendment).

Differently, the current version of the statute states that those who violate the false marking provision "[s]hall be fined not more than $500 for every such offense. Only the United States may sue for the penalty authorized by this subsection." 35 U.S.C. § 292(a). The statute further states that "[a] person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury." 35 U.S.C. § 292(b).

to the decision from the Northern District of California in *Fullview, Inc. v. Polycom, Inc.*, No. 18-CV-00510-EMC, 2020 WL 4196849 (N.D. Cal. May 12, 2020), for the proposition that the five-year statute of limitations still applies to § 292(a) Patent Act claims, even in a post-amendment world.  And it is true that in *Fullview*, the district court applied a five-year statute of limitations.  But it is also true that the district court in that case gave no substantive discussion to whether a five-year statute still applied in the post-2011 amendment world.  Instead, it simply applied a five-year statute.[8]

And CoachComm further argues that even if the five-year statute of limitations from § 2462 can no longer be used, a different federal statute can—28 U.S.C. § 1658.  "Section 1658 provides that '[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after' December 1, 1990 'may not be commenced later than 4 years after the cause of action accrues.'"  *MSPA*, 43 F.4th at 1264 (quoting *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 372 (2004)) (alteration in original).  In other words, § 1658 is for all practical purposes a federal catch-all or default provision.  And that provision has been the source of the statute of limitations for a host of federal statutory claims where private litigants are afforded a private cause of action for damages under a statute that is otherwise silent to the governing statute of limitations.  *See Foudy v. Miami-Dade Cnty., Fla.*, 823 F.3d 590, 593 (11th Cir. 2016) (applying § 1658 to the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721–2725, which lacks its own statute of limitations); *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337–38 (11th Cir. 2008) (noting

---

[8] The Court found another case, *McCabe v. Guitars*, No. 10CV581 JLS (JMA), 2013 WL 12064539 (S.D. Cal. Mar. 4, 2013), in which the district court similarly applied the five-year statute of limitations from § 2462 to the false marking provisions of the Patent Act.  As in *Fullview*, however, the district court in *McCabe* did not discuss the Patent Act's 2011 amendment, instead simply stating that the plaintiff had "run[] afoul of the five-year statute of limitations for false marking claims.  *See* 28 U.S.C. § 2462."  2013 WL 12064539, at *6.

that 42 U.S.C. § 1981 claims made possible by 1991 amendments take § 1658's four-year statute of limitations).

As relevant to CoachComm's argument that § 1658 should apply to its Patent Act claim in a default situation, "[t]he question … is whether [CoachComm's] 'civil action' in this case 'aris[es] under an Act of Congress enacted after' December 1, 1990." *MSPA*, 43 F.4th at 1264 (fourth alteration in original). CoachComm has not cited any cases that apply § 1658 to § 292(a) of the Patent Act, and the Court also has been unable to find any. But the Eleventh Circuit has said that "a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990—and therefore is governed by § 1658's 4-year statute of limitations—if the plaintiff's claim against the defendant *was made possible* by a post-1990 enactment.'" *Id.* (citing *Jones*, 541 U.S. at 382) (emphasis in original). And as CoachComm correctly argues (*see* Doc. 83 at 35), the 2011 amendment to the Patent Act made its private right of action claim under the Patent Act, at least in its current form, possible because prior to the 2011 amendment CoachComm could not have brought a private cause of action for damages due to a competitive injury; it could only sue as a qui tam relator for a qui tam remedy. *Sukumar*, 785 F.3d at 1399 (noting that the 2011 amendment "changed" "who could bring an action for false marking" by "eliminat[ing] qui tam false marking suits and requir[ing] that an entity suffer a 'competitive injury' to bring a private right of action to enforce the false marking statute"); *Brooks v. Dunlop Mfg. Inc.*, 702 F.3d 624, 629 (Fed. Cir. 2012) (stating that the 2011 amendment "replaced *qui tam* actions under § 292(b) with a compensatory cause of action for any person who has suffered a competitive injury as a result of a false marking violation."). *See generally Stalley v. Cath. Health Initiatives*, 509 F.3d 517, 522 (8th Cir. 2007) ("A 'private' right is different from a public right, and *qui tam* cases exist to vindicate public rights." (citation omitted)); *Stauffer v. Brooks Bros., Inc.*, 619 F.3d 1321,

1325 (Fed. Cir. 2010) ("even though a relator may suffer no injury himself, a *qui tam* provision operates as a statutory assignment of the United States' rights….").

Because there is no authority suggesting that § 2462 no longer applies and because § 1658 likely would apply if § 2462 did not, the Court concludes that no less than a four-year statute of limitations applies here—and that a one-year statute of limitations certainly does not apply.  Since Westcom's argument for dismissal under the expiration of the statute of limitations rests solely on the application of a one-year statute, Westcom's motion on this basis is due to be denied.[9]

 2. *The Lanham Act's statute of limitations*

As with the Patent Act, the parties also agree that the Lanham Act does not contain a statute of limitations.  And as before, the parties disagree about which statute of limitations, if any, applies.  CoachComm argues that Lanham Act claims are not subject to a statute of limitations, but are instead governed by the equitable doctrine of laches, while Westcom argues that the Court should look to analogous state statutes for a statute of limitations.   Westcom additionally asserts that even a laches analysis would bar CoachComm's Lanham Act claims at this stage.  In other words, Westcom argues that both laches *and* the analogous state statute of limitations are independent grounds for dismissing CoachComm's Lanham Act claims, while CoachComm asserts that *only* laches applies.

The Court acknowledges the lack of clarity surrounding whether *only* a laches analysis applies to Lanham Act claims or whether a laches analysis *and* a statute of limitations analysis applies.  *See Solar Reflections, LLC v. Solar Reflections Glass Tinting, LLC*, 256 F. Supp. 3d 1248, 1255 (N.D. Ala. 2017) (noting "the 'elusive' role of statutes of limitations applicable to Lanham Act claims" (citation omitted)).  But the Eleventh Circuit has been sufficiently clear that laches is the appropriate

---

[9] If it later becomes necessary to decide between a four- or five-year limitations period, the Court will decide the issue at that time.  For now, resolution of that issue is unnecessary.

inquiry and that this inquiry is guided by the statute of limitations.  Indeed, in *Kason Indus., Inc. v. Component Hardware Grp., Inc.*, 120 F.3d 1199 (11th Cir. 1997), the Eleventh Circuit held that a laches analysis "*may* be applied to bar claims for trade dress or trademark infringement brought under the Lanham Act" and when applied, the relevant statute of limitations is to be used as a "touchstone" for the laches analysis.  *Id.* at 1203 (emphasis added).  And in *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989 (11th Cir. 2021), the Eleventh Circuit affirmed the lower court's laches analysis in a Lanham Act claim where the district court used an analogous state statute of limitations as a "touchstone" for the laches analysis, even though the district court found that the state statute of limitation had passed.  *See also Solar Reflections*, 256 F. Supp. 3d at 1253 (noting that "case law has established that the timeliness of Lanham Act claims is managed under the equitable doctrine of laches" and that "[a]lthough the statute of limitation applicable to the most analogous state cause of action is a 'touchstone' for the laches analysis, it does not provide a rigid cut-off of claims outside the time period." (citing *Kason*, 120 F.3d at 1203)).

Accordingly, the Court finds that the statute of limitations plays a role in the laches analysis, but that it is the laches doctrine that governs the timeliness of a Lanham Act claim in the Eleventh Circuit.  As such, the Court rejects Westcom's argument that the statute of limitations affirmatively bars CoachComm's Lanham Act claims, instead finding that *only* a laches analysis applies.[10]

---

[10] The Court further notes that *Solar Reflections* addressed this very issue in a footnote and found similarly:

> The plaintiff argues, citing *Kason*, that a true statute of limitations defense may not be made in a Lanham Act case. Instead, plaintiffs argue, the applicable statute of limitations may only be used as a "jumping-off" point to determine whether laches is an applicable defense to the plaintiff's claim. The court agrees. . . . [W]hile an analogous state statute of limitation may provide a "touchstone" for the timeliness

Under the doctrine of laches, the Court finds Westcom's argument unpersuasive.  Citing a Third Circuit decision, Westcom argues that where "all [statutes of] limitations periods have expired, there is a presumption of undue delay by [CoachComm] and prejudice to [Westcom]" and "[g]iven that presumption, it was incumbent on [CoachComm] to offer allegations and evidence to try to overcome the presumption. [CoachComm] has offered nothing in this regard." (Doc. 76 at 35) (citing *Kars 4 Kids Inc. v. Am. Can!*, 8 F.4th 209, 221 (3d Cir. 2021)).  But Westcom's authority comes from the Third Circuit, not the Eleventh Circuit, and the Eleventh Circuit has made clear that a defendant claiming laches bears the burden of showing "(1) a delay in asserting a right of a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." *Kason*, 120 F.3d at 1203.

Here, Westcom meets none of the three *Kason* requirements for establishing laches from the face of the Complaint.  Instead, Westcom merely asserts that the analogous state statute of limitations has passed and then incorrectly attempts to flip the burden on CoachComm to disprove a presumption of delay and prejudice.  As such, Westcom has not convinced the Court that the doctrine of laches, as applied in the Eleventh Circuit, bars CoachComm's claims when viewed against the facts pleaded in the Complaint.  Accordingly, Westcom's motion to dismiss the Lanham Act claims on statute of limitations and laches grounds is due to be denied.

### D. Particularity Pleading

"Rule 9(b)'s particularity requirement applies to false marking claims." *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1309 (Fed. Cir. 2011).  Accordingly, in

---

of a Lanham Act claim, it operates only in the context of laches, not as a traditional limitation period.

*Id.* at 1255 n.7 (citations omitted).

false marking actions brought under the Patent Act, "a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  In its motion to dismiss, Westcom argues that both Counts III and IV should be dismissed for failing to meet this particularity requirement.

Here, Count III is a claim for false marking under the Patent Act.  As such, that count undisputedly is governed by Rule 9(b).

Westcom attempts to extrapolate Rule 9(b)'s particularity requirement onto Count IV, which it also characterizes as a similar false marking claim.  As it says, Count IV is "based on identical facts as Count III[.]"  (Doc. 76 at 7 n.4.)  To support its argument Westcom cites to Federal Circuit precedent stating that "[w]here a suit involves both patent and non-patent claims, Federal Circuit law regarding due process also applies to the question of personal jurisdiction on non-patent claims if 'the resolution of the patent infringement issue will be a significant factor' in determining liability under the non-patent claims." *Breckenridge Pharm., Inc. v. Metabolite Lab'ys, Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006) (citing *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998)).

The Court finds that whether Rule 9(b)'s particularity requirement applies to Count IV is immaterial because CoachComm's claims in both Count III and Count IV satisfy Rule 9(b).  As previously noted, there are two elements to a false marking claim under the Patent Act: (1) marking an unpatented article, and (2) an intent to deceive.  *Forest Group., Inc*, 590 F.3d at 1300.  Under the 2011 amendment to the Patent Act, the plaintiff also must suffer a competitive injury.  *Sukumar*, 785 F.3d at 1396.  The Federal Circuit has written that, "although [in the context of a fraud claim] 'knowledge' and 'intent' may be averred generally. . . 'the pleadings [in a fraud claim must] allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind.'"  *In re BP*

*Lubricants*, 637 F.3d at 1311 (citing *Exergen Corp v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009)).

> Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true. Intent to deceive, while subjective in nature, is established in law by objective criteria. Thus, "objective standards" control and "the *fact* of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent[.]"

*Clontech Lab'ys, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352–53 (Fed. Cir. 2005) (citations omitted).  In other words, "a complaint must in the § 292 context provide some objective indication to reasonably infer that the defendant was aware the patent expired,"[11] *In re BP Lubricants*, 637 F.3d at 1311, or that the article was not actually patented.

In *In re BP Lubricants*, the Federal Circuit found that pleadings alleging the following did not satisfy Rule 9(b) in the context of a false patent claim where the claimed patent had expired:

> (1) [defendant] knew or should have known that the patent expired; (2) [defendant] is a sophisticated company and has experience applying for, obtaining, and litigating patents; and (3) [defendant] marked [its] products with the patent numbers for the purpose of deceiving the public and its competitors into believing that something contained or embodied in the products is covered or protected by the expired patent.

*Id.* at 1309.  But the Northern District of Alabama has found that where a plaintiff had identified that a defendant had in-house counsel specializing in intellectual

---

[11] Before the 2011 amendment, § 292 allowed a false marking suit when a product was marked with matter relating to a patent that had previously covered the product but had since expired.  The 2011 amendment changed that.  Today, § 292(c) states that "[t]he marking of a product, in a manner described in subsection (a), with matter relating to a patent that covered that product but has expired is not a violation of this section."

property law and had previously been involved in false marking litigation, the plaintiff had "offered sufficient allegations to demonstrate. . . knowledge of the lack of a valid patent[.]" *Homtex, Inc. v. Leggett & Platt, Inc.*, No. CV-11-S-1349-NE, 2012 WL 10785665, at *7 (N.D. Ala. June 6, 2012).

CoachComm makes several allegations that combine to create a plausible and reasonable inference that Westcom intended to deceive through its alleged false patent marking. *See In re BP Lubricants*, 637 F.3d at 1311. For example, CoachComm alleges that the same person (Frank Girardi) who was "nam[ed]. . . the sole inventor and original applicant" of the patent at issue in this case is also Westcom's President. (Doc. 1 at 4 ¶¶ 18–19.) CoachComm also alleges that Westcom is a "close corporation." (*Id.* at 2 ¶ 3.) As the original patent applicant and President of a close corporation, it is entirely plausible and reasonable that Girardi knew of Westcom's patent statuses and its advertising practices. Additionally, as pleaded, CoachComm's Complaint demonstrates that Westcom's counsel, in a January 2021 letter to CoachComm, threatened litigation over patent infringement associated with Westcom's patent *application* (Doc. 1-1 at 2), despite Westcom allegedly advertising products as patented for nearly two years before then, (Doc. 1 at 26–27 ¶¶ 149–155). And lastly, when asked for more details regarding Westcom's patents and patent applications after threatening CoachComm with litigation, "WestCom did not respond to CoachComm. . . and did not provide the requested information." (*Id.* at 6 ¶¶ 32–33.)

The Court finds that CoachComm's pleadings are more similar to those in *Homtex* than the ones in *In re BP Lubricants*. Here, unlike in *In re BP Lubricants*, CoachComm alleges a specific person at Westcom (Girardi) who would have known about both the advertising and the status of the patent application. Moreover, although Westcom is not alleged to have had in-house counsel who specialized in intellectual property law, Westcom had outside counsel that handled its intellectual

property-related issues—indeed, who proactively worked to enforce its intellectual property rights. Accordingly, the Court finds that CoachComm's Complaint successfully provides an objective indication that Westcom was aware that it was falsely identifying unpatented products as patented.

## V.   CONCLUSION

Accordingly, the Defendants' Renewed Motion to Dismiss (Doc. 75) is **DENIED**.


**DONE** on this the 4th day of December, 2023.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE